# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ‖ | |
| Plaintiff, | ‖ | No. 06-CR-161-LRR |
| vs. | ‖ | **ORDER** |
| WILLIAM PERRY LACEY, | ‖ | |
| Defendant. | ‖ | |

_____

The matter before the court is Defendant William Perry Lacey's "Request for Home Confinement" ("Motion") (docket no. 54), which Defendant filed on July 17, 2012. In the Motion, Defendant asks the court to release him to home confinement because of various medical conditions that render him unable to care for himself.

In relevant part, 18 U.S.C. § 3582(c)(1)(A)(i) provides:

> The court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . .

18 U.S.C. § 3582(c)(1)(A)(i). Thus, the statute requires the Director of the Bureau of Prisons to file a motion requesting relief for extraordinary and compelling reasons. *See United States v. Ayala*, 351 F. App'x 147, 148-49 (8th Cir. 2009); *see also Crowe v. United States*, 430 F. App'x 484, 485 (6th Cir. 2011) (explaining that the Director of the Bureau of Prisons has broad discretion when deciding whether to file a motion); *United*

*States v. Podhorn*, 406 F. App'x 42, 45 (7th Cir. 2010) (stating that the Bureau of Prisons may address extraordinary medical conditions by filing a motion under 18 U.S.C. § 3582(c)(1)(A)), *cert. denied*, 131 S. Ct. 1802 (2011); *United States v. Guerrero*, 166 F. App'x 757, 757 (5th Cir. 2006) (deciding that the Bureau of Prisons did not abuse its discretion when it applied an interpretive rule that restricts the application of 18 U.S.C. § 3582(c)(1)(A) to inmates who have been diagnosed with medical conditions that are terminal within one year or who suffer from severely debilitating and irreversible conditions that render them unable to provide self-care); *Williams v. Van Buren*, 117 F. App'x 985, 986-87 (5th Cir. 2004) (same). Although the court is sympathetic to Defendant's request to be released to home confinement, the court lacks jurisdiction to consider the Motion. Defendant must proceed through the proper channels—that is, ask the Director of the Bureau of Prisons to file a motion seeking a compassionate release. Based on the foregoing, the Motion (docket no. 54) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

**DATED** this 17th day of July, 2012.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA